UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. S.,<br><br>   Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>   Defendant. | Case No.  CV 5:22-01857-RAO<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.  INTRODUCTION

Plaintiff James A. S.[1] ("Plaintiff") challenges the Commissioner's denial of his application for supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is **REVERSED**.

## II.  SUMMARY OF PROCEEDINGS

On February 12, 2020, Plaintiff filed an application for SSI, alleging disability beginning January 5, 2019. (AR 56.) Plaintiff's application was denied on October

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

9, 2020, and again upon reconsideration on January 25, 2021 (AR 75, 84). Plaintiff submitted a request for a hearing before the ALJ (AR 107), which took place telephonically on October 4, 2021 (AR 29).

On October 20, 2021, the ALJ issued its decision. (AR 16-24.) At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 12, 2020. (AR 18.) At **step two**, Plaintiff had several severe impairments: alcoholic liver cirrhosis, portal hypertensive gastropathy, hypertension, and degenerative joint disease of the bilateral knees. (*Id.*) At **step three**, Plaintiff did not have an impairment or combination thereof that meets the severity of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (AR 20.) Plaintiff also had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c) with exceptions: Plaintiff is frequently able to climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and he is occasionally able to climb ropes, ladders, and scaffolds. (AR 20.) At **step four**, Plaintiff was unable to perform any past relevant work under 20 C.F.R. § 416.965. At **step five**, considering Plaintiff's age, education, work experience, and RFC, there were jobs in significant numbers in the national economy he can perform. (AR 23.)

III. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they, when applied against proper legal standards, are supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is shown "by setting out a detailed and thorough summary of

the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed to properly consider his testimony about his unique combination of severe impairments, symptoms, and resulting limitations. (Joint Stipulation ("JS"), Dkt. No. 21 at 2.)

The Court agrees.

### A. Applicable Law

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could

reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Once satisfied, the ALJ must examine the entire case record, which includes the claimant's own testimony, for evidence on the intensity, persistence, and limiting effects of his symptoms. In evaluating the claimant's credibility, a court may consider a multitude of factors, such as inconsistencies between the claimant's statements, objective medical evidence, the claimant's daily activities, the claimant's work record, and statements from healthcare providers or third parties about the nature, severity, and effect of the symptoms. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). However, a lack of objective medical evidence substantiating the claimant's statements about his symptoms by itself is not grounds for discrediting the claimant's symptom testimony. (*Id.*) Additionally, the ALJ must take care not to pick and choose only that evidence that bolsters his findings. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2011); *see Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). If the ALJ discounts the claimant's testimony for lack of credibility, the ALJ must provide specific, clear, and convincing reasons for doing so. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015); *see Manor v. Kijakazi*, No. 22-0666, 2023 WL 5836483, at *5 (E.D. Cal. Sept. 8, 2023) (quoting *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 693 (9th Cir. 2009)) ("The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.").

B. <u>Analysis</u>

Plaintiff testified he takes medications for his liver, and that his condition is improving because he quit drinking. (AR 35.) He still has problems with his knees and does not use braces or assistive devices. (*Id.*) Plaintiff uses a handrail in the shower, though he needs no assistance getting in and out. (*Id.*) He can stand for no

more than half an hour before needing to sit down, and can walk for, at most, half an hour if he is carrying 10 lbs. (*Id.* at 35-36.) He is able to sit upright, as if at a desk, all day, though he sometimes needs his feet elevated throughout the day. (*Id.* at 36.) When sitting upright, he rotates positions at least four or five times. (*Id.*) He still takes blood pressure medication, but is no longer on any blood thinners. (*Id.*) His blood pressure numbers are under control, but the Lisinopril medication he takes makes him "kind of loopy and tired" once or twice a week. (*Id.* at 36-37.) The only swelling or pain Plaintiff has experienced occurred one-and-a-half to two years ago when he sprained his ankle. (*Id.* at 37.) He receives no treatment for his lower back. (*Id.*) He used to shop, clean, and cook on his own, but now requires his girlfriend's help for "pretty much everything." (*Id.*) He vacuums, cleans the dishes, and rakes up and bags leaves in the yard, but his girlfriend and stepson "do all the cleaning." (*Id.* at 38.) He can spend up to an hour at a time doing yard work because he gets pain in his knees and feels exhausted. (*Id.* at 39.) If his girlfriend is away for the weekend, he can take care of himself. (*Id.* at 37; *see generally* AR 20-21.)

       1. <u>Step 1</u>: Underlying Impairment Reasonably Expected to Produce Symptoms

Plaintiff must present objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal quotation marks omitted). Here, Plaintiff presented objective medical evidence of an underlying impairment because medical evaluations list him as having alcoholic liver cirrhosis, portal hypertensive gastropathy, hypertension, and degenerative joint disease of the bilateral knees. (AR 18.) Because this condition is satisfied, the Court proceeds with step 2 of the analysis.

///

2. <u>Step 2</u>: Evaluating Plaintiff's Subjective Symptom Testimony Against the Entire Record

In deciding whether to discount Plaintiff's subjective symptom testimony, a court may weigh inconsistencies between his statements, objective medical evidence, his daily activities, work record, and statements from healthcare providers or third parties about the nature, severity, and effect of the symptoms. *Thomas*, 278 F.3d at 958-59.

Here, it is unclear how the ALJ considered Plaintiff's testimony because he never linked his adverse disability finding to Plaintiff's hearing testimony. Although the ALJ linked his adverse disability finding to Plaintiff's treating physician's treatment notes and Plaintiff's lack of complaints, he only summarized Plaintiff's hearing testimony. (*See, e.g.*, AR 21-22.) To the extent the ALJ rejects this testimony, he must "provide specific, clear, and convincing reasons." *Christopher K.*, 2023 WL 34445 at *3; *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (holding an ALJ "does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony simply by reciting the medical evidence in support of his or her residual functional capacity determination"); *Christine B. v. Comm'r of Soc. Sec. Admin*, No. 22-01119, 2023 WL 5827678, at *4 (D. Or. Sept. 8, 2023).

For example, Plaintiff's testimony that he "is able to stand no more than half an hour" before needing to sit down was not weighed against objective medical evidence nor statements from treating physicians. (*See* AR 21.) Thus, there is no way to determine whether the ALJ discredited Plaintiff's hearing testimony for legitimate reasons or arbitrary ones. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995); *see also Rachel J. v. Comm'r, Soc. Sec. Admin.*, No. 22-00158, 2023 WL 5770621, at *9 (D. Or. Sept. 6, 2023) (holding the ALJ's findings unsupported by substantial evidence because the ALJ did not explain how one of the plaintiff's participation in certain daily activities undermined his testimony).

## V.  REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Plaintiff contends the ALJ's decision should be reversed and the matter remanded for further proceedings. (JS at 6.)  The Court finds that remand for further administrative proceedings is appropriate, as further administrative review could remedy the ALJ's errors.  *See Brown-Hunter*, 806 F.3d at 495 (remanding for an award of benefits is appropriate in rare circumstances).  On remand, the ALJ shall reassess Plaintiff's symptom testimony.  The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.  This order does not preclude the ALJ from considering, on remand, any other arguments raised by Plaintiff.

## VI.  CONCLUSION

IT IS ORDERED that Judgment shall be entered **REVERSING** the decision of the Commissioner denying his SSI request, and **REMANDING** the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED:  September 25, 2023

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**